USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/10/2019_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY FOX,

                      Plaintiff,

-against-

THE CITY OF NEW YORK; OFFICER JOHN DOE, BADGE NO. 942615; AND OFFICER JOHN DOE #2,

                      Defendants.

18 Civ. 9661 (AT)

**<u>ORDER</u>**

ANALISA TORRES, District Judge:

    Plaintiff *pro se*, Anthony Fox, brings this action against Defendant, the City of New York (the "City"); Police Officer John Doe Badge No. 942615, and Officer John Doe #2 (the "Non-moving Defendants)[1] under 42 U.S.C. § 1983, alleging that in connection with his arrest for assault the NYPD refused to permit him to file a cross-complaint for assault, in violation of the 14th Amendment of the Constitution.[2] Compl., ECF No. 2. The City moves to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 16. For the reasons stated below, the City's motion is GRANTED.

## BACKGROUND

    The following facts are taken from Plaintiff's complaint, which the Court accepts as true for the purposes of this motion. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). On October 23, 2015, in the Bronx, Officer John Doe, Badge No. 942615, and another unidentified officer arrested Plaintiff for assault. Compl. at 4. After he was transported

---

[1] Officer John Doe Badge No. 942615 has been identified as Elbert Tim. ECF No. 11 at 1. To date, Plaintiff has failed to effectuate service. On November 14, 2018, the Court ordered Plaintiff to provide the City by December 11, 2018, "with more detailed, descriptive information for John Doe # 2" to assist the City in properly identifying this Defendant. ECF No. 5 at 3. On February 1, 2019, the Honorable Kevin Nathaniel Fox *sua sponte* extended Plaintiff's deadline to February 11, 2019 and warned Plaintiff that "[f]ailing to comply with a court order may result in the imposition of sanctions, including the dismissal of a complaint." ECF No. 12. On February 11, 2019, Plaintiff indicated that the arrest report was the only identifying information he possessed. ECF No. 13 at 2. To date, Officer John Doe #2 has not been identified.

[2] Plaintiff also named former District Attorney Robert Johnson as a Defendant. Compl. at 1, 3. On November 14, 2018, the Court dismissed Johnson as an unnecessary party. ECF No. 5 at 2.

to the 42nd Precinct, Plaintiff "requested to file a cross-complaint for assault because the complainant had cut Plaintiff['s] hand." *Id.* He was treated at Bronx Lebanon Hospital that night. *Id.* at 5. Plaintiff spent three weeks in "detention" and "the case was later dismissed." *Id.* at 5.

Plaintiff alleges that the Non-moving Defendants violated his right to "Equal Protection of the Law under [the] 14th Amend[ment] of the Constitution." *Id.* at 4. He also alleges that District Attorney Robert Johnson, in his "official capacity," "instituted a policy directing police officers not to accept cross-complaints from a defendant after being arrested." *Id.*

## DISCUSSION

I. <u>Legal Standard</u>

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff is not required to provide "detailed factual allegations" in the complaint, but must assert "more than labels and conclusions[] and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Ultimately, the facts pleaded in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* The court must accept the allegations in the pleadings as true and draw all reasonable inferences in favor of the non-movant. *See ATSI Commc'ns,* 493 F.3d at 98. Additionally, "[i]t is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citation omitted).

"On a motion to dismiss, the court may consider any written instrument attached to the complaint as an exhibit or any statements or documents incorporated in it by reference." *Yak v. Bank Brussels Lambert*, 252 F.3d 127, 130 (2d Cir. 2001) (citation, alteration, and internal quotation marks omitted). "To be incorporated by reference, the Complaint must make a clear, definite, and substantial reference to the documents." *White v. City of New York*, 206 F. Supp. 3d 920, 929 (S.D.N.Y. 2016) (citation omitted). "Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." *Id.* (citation omitted).

II. Analysis

   A. *Monell* Claim

Plaintiff alleges that District Attorney Robert Johnson, in his "official capacity," "instituted a policy directing police officers not to accept cross-complaints from a defendant after being arrested." Compl. at 4. Under § 1983 *Monell* liability, a municipality is liable "only if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation." *Cash v. Cty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) (internal quotation marks omitted) (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011)). *Monell* liability does not allow for a municipality to be held vicariously liable for the illegal actions of its employees; rather, a "plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the alleged injury." *Id.* (internal quotation marks and citation omitted). To prevail on such a claim, therefore, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." *Id.* (quoting *Connick*, 561 U.S. at 60).

The City moves to dismiss Plaintiff's *Monell* claim because the complaint "does not contain a single factual allegation concerning defendant City of New York, nor is there a single allegation concerning any [] policy or practice which caused the purported constitutional violation." Def. Mem. at 6, ECF No. 18. However, the complaint alleges that "district attorney Robert Johnson in his official capacity . . . instituted a policy directing police officers not to accept cross-complaints from a defendant after being arrested." Compl. at 4 (internal quotation marks omitted). Thus, the threshold issue is whether Johnson acted as a policy maker for Bronx County or for the State of New York. The Second Circuit has "been consistent in holding that the actions of county prosecutors in New York are generally controlled by municipal policymakers for purposes of *Monell*, with a narrow exception . . . being the decision of whether, and on what charges, to prosecute." *Bellamy v. City of New York*, 914 F.3d 727, 759 (2d Cir. 2019). A "policy directing police officers not to accept cross-complaints from a defendant after being arrested," Compl. at 4, is not a decision about whether to prosecute and, therefore, because Johnson was acting as a policymaker for the county, the City could be liable under a *Monell* theory. *See Myers v. Cty. of Orange*, 157 F.3d 66, 76–77 (2d Cir. 1998) (concluding that a county was liable under *Monell* for the district attorney's decision to promulgate cross-complaint policy because it was not an individual determination "about whether to prosecute violations of state penal laws").

However, Plaintiff has failed to demonstrate how this policy caused him to be subjected to denial of a constitutional right. The complaint states that the "policy violates [Plaintiff's] rights under the 14th Amendment," but alleges no facts in support of this claim. Compl. at 4. "After stripping away the bare legal conclusions, the complaint is devoid of any 'well-pleaded factual allegations plausibly giving rise to an entitlement to relief.'" *Cuevas v. City of New York*,

4

No. 07 Civ. 4169, 2009 WL 4773033, at *4 (S.D.N.Y. Dec. 7, 2009) (alterations and ellipsis omitted) (citing *Iqbal*, 556 U.S. at 679). Accordingly, Plaintiff's *Monell* claim is DISMISSED.

B. Equal Protection Clause Claim

Plaintiff alleges that "police officers John Doe (1) and John Doe (2) violated his right to 'equal protection of the law' under [the] 14th amendment of the constitution." Compl. at 4.

The Equal Protection Clause is "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). "[T]he prototypical equal protection claim involves discrimination against people based on their membership in a vulnerable class." *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001).

However, "the equal protection guarantee also extends to individuals who allege no specific class membership but are nonetheless subjected to invidious discrimination at the hands of government officials." *Id.* "To state a class-of-one equal protection claim[,] the plaintiff must allege that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Martine's Serv. Ctr., Inc. v. Town of Wallkill*, 554 F. App'x 32, 35 (2d Cir. 2014) (internal quotation marks, citation, and alterations omitted).

The Second Circuit has also "recognized that the Equal Protection Clause may be violated by selective enforcement or selective adverse treatment." *Bush v. City of Utica*, 558 F. App'x 131, 134 (2d Cir. 2014). "To establish a violation . . . based on selective enforcement, a plaintiff must ordinarily show the following: (1) [that] the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of

5

constitutional rights, or malicious or bad faith intent to injure a person." *Freedom Holdings Inc. v. Spitzer*, 357 F.3d 205, 234 (2d Cir. 2004) (alteration in original).

Plaintiff's complaint provides insufficient factual allegations to state an equal protection claim under either theory. *See Hunter v. City of New York*, 35 F. Supp. 3d 310, 327–28 (E.D.N.Y. 2014) (finding that complaint failed to allege sufficient facts to state an equal protection claim based on differential treatment of individual who allegedly assaulted the plaintiff). First, there are insufficient facts for the Court to determine with whom Plaintiff is comparing himself. Second, even assuming that Plaintiff is comparing himself to the complainant, and that the complainant is the assault victim, it is unclear if Plaintiff is alleging that he was treated differently because he was arrested and the complainant was not, or because Plaintiff was not permitted to file a cross-complaint against the complainant. The complaint is entirely devoid of facts suggesting that differential treatment by the City was the result of "impermissible considerations," as required to establish a selective enforcement claim. Nor does the complaint provide any allegations demonstrating that the complainant was "similarly situated" to Plaintiff to establish a class-of-one claim. *See Fortress Bible Church v. Feiner*, 694 F.3d 208, 222 (2d Cir. 2012) ("[A] class-of-one claim requires a plaintiff to show an extremely high degree of similarity between [himself] and [his] comparators." In other words, Plaintiff's "conclusory statements" do not state a "plausible claim for relief." *Iqbal*, 556 U.S. 679. Accordingly, Plaintiff's equal protection claim is DISMISSED.

  C. False Arrest and Malicious Prosecution Claims

Although Plaintiff does not explicitly allege claims for false arrest or malicious prosecution in the Complaint, in light of his *pro se* status, the Court interprets the complaint broadly as including them. *See Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007). The

City moves to dismiss the false arrest and malicious prosecution claims on the ground that probable cause, or at least arguable probable cause, existed for the arrest. Def. Mem. at 6–10. To support its argument, the City relies on information from Plaintiff's arrest report. *Id.* at 8.

When ruling on a Rule 12(b)(6) motion to dismiss a complaint for failure to state a claim, a court is generally required to "look only to the allegations on the face of the complaint." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). However, a court may consider "documents attached to the complaint as an exhibit or incorporated in it by reference, matters of which judicial notice may be taken, or documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (citation and ellipses omitted). Here, the arrest report is integral to Plaintiff's complaint because it "provide[s] crucial details associated with [Plaintiff's] allegations." *Betts v. Shearman*, No. 12 Civ. 3195, 2013 WL 311124, at *3 (S.D.N.Y. Jan. 24, 2013) (finding that the contents of an incidental report and criminal court complaint were integral to the plaintiff's claims of malicious prosecution and false arrest). Accordingly, the Court will consider the facts of the arrest report when assessing the legal sufficiency of Plaintiff's claims for false arrest and malicious prosecution.

"The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal quotation marks and citation omitted). "[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York." *Manganiello v. City of New York*, 612 F.3d 149, 161–62 (2d Cir. 2010) (internal citation omitted). "[P]robable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are

7

sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) (alteration in original, citation omitted). "[I]t is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness." *Panetta v. Crowley,* 460 F.3d 388, 395 (2d Cir. 2006) (alteration in original, citation omitted).

Plaintiff was arrested for Assault in the Third Degree based on the complaining victim's statement and the injuries the victim sustained. *See* Compl. at 4–5; Arrest Report, ECF No. 17-2 at 1 ("[Arresting Officer] was informed by PO Tomassi . . . that the [complaining victim] had stated he got into an argument with [Plaintiff]. [Plaintiff] . . . punched and kicked [complaining victim] in the face causing swelling and bleeding from the left ear."). An individual is guilty of Assault in the Third degree if, "[w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person." N.Y. Penal Law § 120.00(1). The complaining victim's statements that Plaintiff punched and kicked him, along with the observable injuries to his face and ear, established probable cause to arrest Plaintiff. *See Curley v. Village of Suffern*, 268 F.3d 65, 69–70 (2d Cir. 2001) (finding that probable cause existed to arrest the plaintiff for assault based on victim's statements to police officers). Accordingly, Plaintiff's claims for false arrest and malicious prosecution are DISMISSED.

D. State Law Claims

Having dismissed the federal law claims, to the extent Plaintiff alleges any state law claims, this Court declines to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c)(3).

E. Claims against Non-Moving Defendants

Although the City does not represent Non-moving Defendants, the Court dismisses the claims against those individuals *sua sponte* under Rule 12(b)(6). For the reasons stated above, Plaintiff has failed to plead sufficient facts to state a claim.

"[A] district court may dismiss a complaint *sua sponte* for the failure to state a claim where a plaintiff was given notice of the grounds for dismissal and an opportunity to be heard." *Martinez v. Queens Cty. Dist. Attorney,* No. 12 Civ. 6262, 2014 WL 1011054, at *14 n.12 (E.D.N.Y. Mar. 17, 2014), *aff'd,* 596 F. App'x 10 (2d Cir. 2015); *see Wachtler v. Cty. of Herkimer,* 35 F.3d 77, 82 (2d Cir. 1994) (affirming the *sua sponte* dismissal of the *pro se* plaintiff's claims against a non-moving defendant where the plaintiff had notice and an opportunity to be heard on other defendants' motions); *Thompson v. Accent Capital,* No. 11 Civ. 00069, 2011 WL 3651848, at *5 (D. Conn. Aug. 18, 2011), *aff'd,* 491 F. App'x 264 (2d Cir. 2012).

Here, Plaintiff has sufficient notice of the grounds for dismissal and an opportunity to be heard. The City's motion to dismiss provided Plaintiff with sufficient notice that the claims against Non-moving Defendants might also be dismissed. *See Hamilton v. City of New York*, No. 16 Civ. 1255, 2017 WL 486936, at *5 (E.D.N.Y. Feb. 6, 2017) ("In regards to the non-moving Individual Defendants, this Court has the power to dismiss a complaint against them, so long as it is exercised cautiously and on notice. . . . the City's motion put plaintiffs on notice of the grounds for dismissal and plaintiffs were afforded an opportunity to respond.") (citation and alterations omitted). First, the City's motion explicity requests that the claims be dismissed against Non-moving Defendants. *See* Def. Mem. at 10 n.4. Second, all of the claims against Non-moving Defendants relate to the claims against the City.

9

Plaintiff has also had ample time to be heard. The City's motion was filed on February 15, 2019. ECF No. 16. On March 25, 2019, the Court extended Plaintiff's time to file an opposition to April 19, 2019. ECF No. 22. Plaintiff failed to respond. On April 29, 2019, in light of Plaintiff's *pro se* status, the Court *sua sponte* extended Plaintiff's time to respond until May 20, 2019. ECF No. 24. To date, Plaintiff has failed to file a response, despite having had more than four months to do so. Accordingly, the claims against Defendants Officer John Doe, Badge No. 942615 and Officer John Doe #2 are DISMISSED.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss all claims against it is GRANTED, the remaining claims against Defendants Officer John Doe, Badge No. 942615 and Officer John Doe #2 are DISMISSED *sua sponte*, and the complaint is DISMISSED. In light of Plaintiff's *pro se* status, however, Plaintiff has until **August 7, 2019**, to file an amended complaint which corrects the deficiencies noted above. The amended complaint must include a short, plain statement of facts sufficient to support a plausible claim that Defendants violated his rights.

If Plaintiff decides to file an amended complaint, it must be captioned "Amended Complaint" and bear the same docket number as this order. Plaintiff is advised that the amended complaint will completely replace the original complaint, so Plaintiff must include in it any relevant allegations and exhibits from his original complaint. Failure to file a timely amended complaint <u>will</u> result in dismissal of this case with prejudice in accordance with Federal Rule of Civil Procedure 41(b).

The Clerk of Court is directed to mail a copy of this order to Plaintiff *pro se* and terminate the motion at ECF No. 16.

SO ORDERED.

Dated: July 10, 2019
       New York, New York

_____
ANALISA TORRES
United States District Judge